DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:10-CR-275-RLH-(GWF) |
| BRADLEY TUBIN, | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S MOTION FOR AN INTERLOCUTORY ORDER OF SALE OF THE 2004 FERRARI 360 SPIDER, AND ORDER**

The United States respectfully moves this Court for an Order for an Interlocutory Sale of the 2004 Ferrari 360 Spider, blue in color, Vehicle Identification Number ZFFYT53A240136276, Utah license plate MYBABLU ("property").

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service to sell the property through one of its approved methods.

The grounds for issuing the Order for an Interlocutory Sale are the property is at risk for further deterioration or decay, the expenses of keeping the property will take away from the amount that can be paid

/ / /

to victims, and this Court is authorized to approve interlocutory sales. This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 16th day of October, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

On November 3, 2010, the Grand Jury returned a Five-Count Superseding Criminal Indictment ("Indictment"), charging Bradley Tubin ("Tubin") in Counts One through Four with Bank Fraud in violation of 18 U.S.C. § 1344; and in Count Five with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344 and 1349; and alleged forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p). Indictment, ECF No. 19.

On November 28, 2012, Tubin pled guilty to Count Five of the Indictment (ECF No. 19). Plea Agreement, ECF No. 71; Change of Plea Minutes, ECF No. 70; Change of Plea Transcript, ECF No. 97. On January 2, 2013, an Order of Forfeiture (ECF No. 73) was entered against Tubin with a criminal forfeiture money judgment of $745,000 in United States Currency.

Tubin was sentenced on June 10, 2013, and the sentencing Order of Forfeiture (ECF No. 93) was entered against Tubin with a criminal forfeiture money judgment of $745,000 in United States Currency. Sentencing Minutes, ECF No. 94; Sentencing Transcript, ECF No. 96.

On June 12, 2013, this Court entered the Judgment in a Criminal Case (ECF No. 95) with the sentencing Order of Forfeiture (ECF No. 93) attached.

### B. Statement of Facts

Tubin owes a criminal forfeiture money judgment of $745,000. The United States filed a Motion to Substitute and to Forfeit Property of Bradley Tubin (ECF No. 99), specifically a 2004 Ferrari 360 Spider, blue in color, Vehicle Identification Number (VIN) ZFFYT53A240136276, Utah license plate MYBABLU. This Court entered the Substitution and Forfeiture Order (ECF No. 101). On October 16, 2015, the FBI took the vehicle into custody and personally served Bradley Tubin (ECF No. 102).

The United States now requests this Court to authorize the United States Marshals Service ("USMS") to sell the vehicle through one of its approved methods. The purpose of the interlocutory sale is

/ / /

to liquidate the property to allow for easier USMS management by converting the property to cash to reduce the cost of maintaining the property and to avoid further depreciation.

The remaining statement of facts below comes from the Affidavit of Paralegal Specialist Michelle C. Lewis. Exhibit 1 ("Ex. 1"), attached hereto and incorporated herein by reference as if fully set forth herein.

The costs of the USMS to keep the property are excessive. According to the USMS, it will cost $16 per day for indoor storage and maintenance of the vehicle. While the property is in storage, it is at risk for further depreciation of its value, and the expenses of keeping the vehicle will take away from the amounts that can be paid to the victims. If the government sells the property, the vehicle will stop depreciating and the management expenses will not continue to accrue. Ex. 1.

**II. ARGUMENT**

This Court has authority to issue the Interlocutory Order of Sale. Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). The United States may move this Court to order the above-mentioned property "sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D). Two of these four reasons for the interlocutory sale apply in this case regarding the 2004 Ferrari 360 Spider. The property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action and the expense of keeping the property is excessive or disproportionate to its fair market value. The United States may sell the property if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates."). The USMS will sell the property through one of its approved methods. Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28

4

U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g). The sale proceeds of the property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv). "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id.*

**III.  CONCLUSION**

The United States respectfully requests that this Court order the interlocutory sale of the property under the following reasons: (1) the property is perishable and is at risk of deterioration, decay, and injury; and (2) the expense of keeping the property is disproportionate to its fair market value. Selling the property through this interlocutory sale will protect the property, preserve its value, and liquidate the property to allow for easier management of the asset to be used towards Tubin's criminal forfeiture money judgment.

Dated this 16th day of October, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney


IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: November 13, 2015

**PROOF OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on October 16, 2015, and by

    US MAIL:

Bradley Tubin
6645 W. El Campo Grande
Las Vegas, NV 89130

          /s/ Michelle C. Lewis
          MICHELLE C. LEWIS
          Paralegal Specialist

# EXHIBIT 1

# EXHIBIT 1

AFFIDAVIT OF PARALEGAL SPECIALIST MICHELLE C. LEWIS

I, Michelle C. Lewis, do hereby declare:

I am a Paralegal Specialist with the United States Attorneys Office, District of Nevada, and have been so employed since December 2012. The information provided herein is the result of my investigation and review by others, including Jeffrey Padayao, Asset Forfeiture Coordinator, United States Marshals Service. To the extent that any information in this affidavit is not within my personal knowledge, it was made known to me through reliable law enforcement sources, and I believe it to be true.

This affidavit supports an Interlocutory Order of Sale of a 2004 Ferrari 360 Spider, blue in color, Vehicle Identification Number ZFFYT53A240136276, Utah license plate MYBABLU ("property"), a substitute asset of Bradley Tubin ("Tubin").

The costs of the USMS to keep the property are excessive. According to the USMS, it will cost $16 per day for indoor storage and maintenance of the vehicle. While the property is in storage, it is at risk for further depreciation of its value, and the expenses of keeping the vehicle will take away from the amounts that can be paid to the victims. If the government sells the property, the vehicle will stop depreciating and the management expenses will not continue to accrue.

Based upon the foregoing, this Court should issue the Interlocutory Order of Sale of the 2004 Ferrari 360 Spider, blue in color, Vehicle Identification Number ZFFYT53A240136276, Utah license plate MYBABLU.

_____
Michelle C. Lewis
Paralegal Specialist
United States Attorneys Office

STATE OF NEVADA    )
                  ) ss
COUNTY OF CLARK    )

Subscribed and sworn to (or affirmed) before me on October 16, 2015, by Michelle C. Lewis.

_____
NOTARY PUBLIC

KIM BUSH
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 8-6-2016
Certificate No: 12-8463-1

1